Spencer, J.
Plaintiffs.allege that they, together with one Jean M. Bertbin, constituted a committee on behalf of an Association of Butch-' ers, doing-business at'-'certain 'public markets in New Orleans, and formed with the view of suppressing private markets by judicial proceedings; that said committee was charged with the duty of collecting money and obtaining notes from the public butchers, for the sole purpose of defraying the expenses of the contemplated judicial proceedings ; that for said purpose they obtained from various butchers their promissory notes (a list of which is annexed to petition), payable in December, 1874, to the order of and indorsed by said Berthin, with the distinct understanding between the makers of said notes and said committee that said notes should not be> paid or used, unless all private markets were effectually and permanently closed prior to their maturity; that petitioners as such committee promised and agreed to surrender to said makers said notes, if said results were not attained ; that the effort to close the private markets failed, and that it is the duty and obligation of petitioners to return said notes to said makers; that said notes, from their dates *75 to December, 1875, remained in the possession of said committee, and in the office and special charge of said J. M. Berthin, in New Orleans, as worthless paper. That one Jean Courege, in December, 1875, and January, 1876, obtained possession, surreptitiously, fraudulently, and without legal right or consideration, of 137 of said notes, aggregating in amount $5100. That he kept private secret possession of said notes until lately, when he entered suits in the Fourth Justice’s Court on thirty-eight of said notes against the makers thereof, alleging himself to be owner thereof, and is seeking by said suits to collect the said notes. They aver their right of possession of said 137 notes, and their duty and obligation as depositaries to restore them to the makers under the said agreement. They therefore bring this suit in the Third District Court, pray that said 137 notes- be sequestered, and restored to their possession ; and that said Courege be enjoined from disposing of any of them, and be enjoined from prosecuting said thirty-eight suits in the Fourth Justice’s Court, and that said Fourth Justice’s Court be also-prohibited and enjoined from proceeding further therein, until the rights-of plaintiffs be determined, etc.
Upon oath and bond, the writs of sequestration and injunction issued as prayed for.
Jean Courege excepted in limine as follows:
1. “ That the said petition discloses no cause or right of action in. the said plaintiffs.
2. “ That the affidavit for the injunction and sequestration therein obtained is not sufficient and not in accordance with law.
3. “ That the allegations in the said petition do not disclose sufficient grounds for an injunction and sequestration.
4. “ As to the thirty-eight notes referred to in plaintiffs’ said petition, and now pending in’suits before the.the Fourth Justice of the-Peace Court, he especially excepts to the above petition for the reasons :
1. “That the court was without authority to enjoin the plaintiff in the prosecution of these suits.
2. “ That the notes could not be sequestered in the hands of the-judge of said court, thus divesting the court of a jurisdiction of which, it was already seized.
3. “ That the right to prosecute a lawsuit, whether well founded or not, is a right guaranteed by article ten of the constitution.
4. “ That if the plaintiffs in the above suits have any interest in the said thirty-eight notes they could have joined either the plaintiff or defendants in the said suits by third opposition and intervention.”
We will notice these exceptions in their order :
First — The petition, if the facts stated are true (and for the purposes of this exception must be so considered), discloses a clear right in. *76 plaintiffs, as depositaries, to recover the possession of property fraudulently and surreptitiously taken from their custody. C. P. 15 ; 10 An. 552 ; 10 M. 465; 4 M. 619 ; 3 L. 216 ; 4 An. 178 ; 7 An. 110 ; 2 N. S. 20 ; 1 An. 48.
The fact that Berthin, one of the committee", does not or will not join them in the demand, does not prevent the others from proceeding to protect themselves from the acts of a spoliator. One having a joint interest may proceed alone to recover possession from a mere trespasser.
Second — The affidavit verifies the facts charged in the petition, and is sufficient to maintain the writs of sequestration and injunction.
Third — -The allegations showing plaintiffs’ right of possession and '.the wrongful possession of defendant, and the fear of petitioners that ■defendant will dispose of the notes, etc., are sufficient to maintain the ¡sequestration, and the injunction, at least and certainly so far as concerns the ninety-nine notes not sued upon in the Fourth Justice’s Court.
Fourth — "We do not see how the fact that defendant had filed thirty-eight of the notes in question in suits by him brought in the Fourth ■Justice’s Court can prevent plaintiffs from asserting their rights of possession thereof and upon proper affidavit and bond sequestering -them. If defendants’ proposition be true, one who has stolen a note ■can retain possession of it by simply suing on it. The sequestration of ■these notes in the Fourth Justice’s Court in no manner interfered with -or divested the jurisdiction of that court in said suits. The notes were not in custodiam legis, in the sense contended for by defendant. The rule invoked by him is that when property is in custody of one court under its process, another court can not by its process interfere with •such custody. There is no doubt of the correctness of this proposition. But these notes were not held under process of the Fourth Justice’s Court. They were at most simply filed therein as the evidence of the .claim sued upon. 'No law required them to be so deposited, being mere ¡acts under private signature. C. P. 175. By simple leave of the court they could be at any time withdrawn by Courege. Hence their sequestration was not only legal but necessary to the preservation of plaintiffs’ rights. The law, C. P. 275, gives the right of sequestration whenever the ownership or possession of a movable is in controversy, upon the claimant.making oath to his fears of its removal, etc. As these notes were not held under process of the justice’s court, we can see no possible objection to their sequestration. Their production, if required in that court as evidence, could always be enforced by subpena duces tecum served upon the sheriff, or the plaintiff, if the latter has bonded them.
¥e agree with the judge a quo, that the plaintiffs can not enjoin the Fourth Justice’s Court from hearing causes pending between the *77 defendant, and other persons. It would lead to infinite confusion to-allow one,court to thus arrest litigation in another court, on the demand of persons not parties in such suits in such other courts.
We do not think that section 2013 of Revised Statutes applies to a. case like this, but is intended to enable the Third District Court to exercise its appellate jurisdiction over justices of the peace in the parish of Orleans. We think, therefore, that so far as plaintiffs seek to enjoin the Fourth Justice’s Court from hearing, and the defendant from prosecuting, his suits, the court a qua properly refused the application. But if it be true, as alleged, that the defendant is a spoliator of said thirty-eight notes, and obtained their possession fraudulently and surreptitiously, and that plaintiffs are entitled to their possession, we think the defendant may well be enjoined and prohibited personally and individually from using said notes as his own or as evidence of a right in himself.
Plaintiffs are not obliged to file interventions or oppositions in said thirty-eight suits. It is not a proper case for third opposition, and nobody is obliged to intervene in a suit; for the simple reason that he who has a right of intervention has a yet more evident right to a separate action.
Defendant’s exceptions should have been overruled, except to the extent stated.
It is therefore ordered and decreed that the judgment appealed from be modified and amended so as to read as follows :
It is ordered and decreed that defendant’s exception to the sufficiency of plaintiffs’ petition, and to their demand for sequestration of the notes in controversy, be overruled. That defendant’s exception to the injunction sued out by plaintiffs be overruled, except in so far as-said injunction prohibits the Fourth Justice’s Court from hearing, and the defendant from prosecuting, said thirty-eight suits — and to that extent only said exception is sustained, and said injunction dissolved. But the right of defendant to prosecute said suits shall not authorize him to make use of said notes as evidence or otherwise, such use being within the prohibitions of the injunction as herein maintained. It is. further decreed that defendant and appellee pay costs of appeal.